**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Willie L. Boone,** | ) | **CASE NO. 5:14 CV 642** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Alan Lazaroff, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh (Doc. 12) recommending the denial of the Petition for Writ of Habeas Corpus. Petitioner has filed Objections to the Report and Recommendation.[1] For the reasons set forth below, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the Untied States District Courts provides that the district court reviews *de novo* those portions of a report of a

---

[1] Before his time to respond to the Report and Recommendation had expired, Petitioner filed a motion for extension of time to file his Objections. (Doc. 13). The motion is granted.

1

magistrate judge to which a specific objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation.

### **Discussion**

The pertinent background in this matter is set forth more fully by the Magistrate Judge in his Report and Recommendation.  In 2010, a man disguised with glasses, a long wig, and wearing a long-sleeved black shirt demanded money from the tellers at a Key Bank branch in Akron, Ohio.  When a police officer working special duty at the bank attempted to handcuff the robber, the two scuffled just outside the bank.  The robber bucked the officer off, threw the officer to the ground, and took off running.  The officer pursued the robber on foot until the robber ran to a waiting SUV.  He jumped inside the vehicle, driven by another man, and drove away.

The SUV had been rented by Petitioner's girlfriend for the benefit of his family.  Evidently removed during the scuffle, the wig worn by the robber was discovered outside the bank and was found to contain Petitioner's DNA.  A long-sleeved black shirt was also recovered and contained Petitioner's DNA.  After a jury trial in 2011, Petitioner was convicted of robbery, resisting arrest, and escape in the Summit County Court of Common Pleas.

On March 24, 2014, Petitioner, *pro se*, filed the present *habeas* petition, alleging three grounds for relief. In his Report and Recommendation, Magistrate Judge McHargh analyzed Petitioner's asserted grounds and determined that they were either procedurally defaulted or Petitioner failed to demonstrate that the state court's determination resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as

determined by the Supreme Court.

Petitioner filed Objections to the Report and Recommendation challenging the state court's factual findings and the Magistrate Judge's reliance upon them.  Petitioner maintains that the factual findings of the state court are contradicted by other evidence.  Specifically, Petitioner objects to the state court's determination that "an interview with Boone's girlfriend led police to suspect Boone." (Doc. 12 Ex. A).  Petitioner notes that his girlfriend testified that she rented the getaway SUV for Petitioner's family, not Petitioner, and that she never saw Petitioner drive the SUV, which was picked up by Petitioner's sister.  This does not rebut the state court's factual finding by clear and convincing evidence.

Petitioner also objects to the state court's finding that the police recovered a "shirt that matched the description of the one worn by the robber near where the SUV was later found." (Doc. 12 Ex. E).  Petitioner points to evidence that the police never located the vehicle. (Doc. 12 Exs. F, G).  However, Petitioner's evidence undercuts his own argument.  Petitioner points to the testimony of Detective Harrah, which indicates that the shirt was photographed where it was found and then collected.  "Was [the shirt] near the bank or closer to the getaway car?" "Closer to the getaway car," Harrah testified. (Doc. 14 Ex. G).  The Court finds that Petitioner has failed to present clear and convincing evidence that the police did not recover a shirt which matched that worn by the robber and on which Petitioner's DNA was found.

Turning to the Petition, the Magistrate Judge concluded that the first part of Ground One was procedurally defaulted because Petitioner failed to present his argument about the improper admission of "identification obtained from overly suggestive procedures" to the state court of appeals.  Petitioner does not object to this determination.  Finding no clear error,

3

the Court agrees with the Magistrate Judge that the first part of Ground One is procedurally defaulted.

The Magistrate Judge next considered the second part of Ground One and Grounds Two and Three as all raising the same sufficiency of the evidence claim.  Petitioner argues that the evidence presented by the state failed to prove his identity as the robber beyond a reasonable doubt.  Specifically, Petitioner points out that no one ever identified him as the robber, nor did anyone ever see him in the SUV.  He further objects to the persuasiveness of the DNA evidence from the wig and the shirt, noting that there was more than one person's DNA on them.  The Magistrate Judge determined that Petitioner failed to meet the high standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which states that a reviewing court may set aside the jury's verdict only if no rational trier of fact could have agreed with the jury.   Given Petitioner's relationship to the woman who rented the SUV and the presence of Petitioner's DNA on the robber's wig and on the long-sleeved black shirt, and viewing the evidence in the light most favorable to the prosecution,  the state court decided that a reasonable juror could conclude that Petitioner was the man who robbed the bank and escaped on foot.  The Magistrate Judge concluded that the state court's decision was not an objectively unreasonable application of federal law.  The Court agrees with the Magistrate Judge that Petitioner has failed to overcome *Jackson's* demanding standard.  Consequently, the Petition is denied.

**Conclusion**

Accordingly, the Report and Recommendation is accepted.  The Petition for Writ of Habeas Corpus is denied.  Furthermore, for the reasons stated herein and in the Report and

Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.


  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/26/15